GOVERNMENT
EXHIBIT
# 4
5-15-07

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

        v

SHAWN EUGENE WIMBERLY,

    Defendant.

_____/

Case No. 93-50028-4
Honorable Paul V. Gadola
Flint, Michigan
April 28, 2003
9:07 a.m.

Ordered By:                    MARK JONES, ESQ.

                            PLEA

APPEARANCES:

For the Plaintiff:      MARK JONES, ESQ. (P33325)
                         Assistant U.S. Attorney
                         Office of the United
                         States Attorney
                         210 Federal Building
                         600 Church Street
                         Flint, MI   48502
                         810-766-5177

For the Defendant:      RALPH RICHARDSON, ESQ. (P19425)
                         Stone & Richardson
                         2910 E. Jefferson Avenue
                         Detroit, MI 48207
                         313-393-6700

Court Recorder:        Jennifer Chase

Transcriber:           Deborah Kremlick

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

grand total of $150.00. And that must be paid by the date on which you're sentenced. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Now Paragraph 3A lists factors affecting your sentence. And it states that the worksheets attached to this agreement represent an understanding between yourself and the Government with respect to all the sentencing guideline provisions that you and the Government believe apply in your case, including any grounds for departure from your sentencing guidelines range. It goes on to say that the Court can reject those calculations. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Now what that means -- what that means, Mr. Wimberly, is that even though you and the Government have arrived at what you believe the sentencing range for you is for these offenses, if I calculate that sentencing range differently and the sentencing factors differently than you and the Government have calculated them in this Rule 11 agreement, what I say in that regard controls. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: All right. It goes on to say despite the stipulation, that is the agreements you've reached with the Government, that is with the U.S. Attorney, the U.S.