## ADDENDUM TO THE PRESENTENCE REPORT

### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MICHIGAN

### UNITED STATES V. SHAWN E. WIMBERLY, DOCKET NO. 93-CR-50028-FL-04

The probation officer certifies that the presentence report including any revision thereof, has been disclosed to the defendant, defense counsel and counsel for the government, and that the content of the Addendum has been communicated to counsel.  The Addendum fairly states any objections they have made.

### OBJECTIONS

### By the Government

The Government has filed no objections.

### By the Defendant

The defendant has filed objections, which are attached to the presentence report, along with Probation Department's responses.  However, the presentence report remains the same.

Any objections were to have been submitted no later than 14 days after disclosure, according to Rule 32.  The presentence report was disclosed to counsel on **June 27, 2003.**

Respectfully submitted,

David D. Keeler
Chief U.S. Probation Officer

by          _Telisa D. Cureton_

Telisa D. Cureton
U.S. Probation Officer
(810) 341-7863

Reviewed & Approved:

_Timothy C. Teunis_

Timothy C. Teunis
Supervising U.S. Probation Officer
Date:  9-4-03
(810) 341-7868

TDC/dmc

GOVERNMENT
EXHIBIT
+4 A

-A-1-

## ADDENDUM

**NAME:  WIMBERLY, Shawn Eugene**
**DOCKET NO.:  93-CR-50028-FL-04**
**DATE:  JULY 24, 2003 (correction for filing on July 8, 2003)**

Controverted Item #___22_____

Page #___6____          Paragraph #_____          Line(s)_____

Section I:  Defendant's Position:

The defendant denies that the amount of five (5) kilograms were thrown from the car and invites the probation officer to the officer's (Jaworski) report dated February 17, 1993 and to the Assistant Attorney's letter to her dated April 30, 2003

On March 2, the defendant did not deliver 1 kilogram to California, nor did he attempt to retrieve 10 kilograms of cocaine from the Detroit-Metro Airport.

_____          Shawn Wimberly_____
Counsel's Signature                          Defendant's Signature

Section II:  Probation Department's Position:

The government has provided additional information concerning the February 12, 1993, incident when the defendant threw one kilogram of cocaine from his vehicle. During trial preparation, Assistant United States Attorney Jones learned from Officer Seven Jaworski that the defendant threw a package from the vehicle he was driving at an earlier point in the chase than where a second package was recovered by Officer Gregory Hill of the Inkster Police Department. As such, at least two packages were thrown from the defendant's vehicle on February 12, 1993. The government was advised there was snow on the ground complicating the matter. Pursuant to 1B1.3, Application Note 2, the defendant is accountable for all quantities of contraband with which he was directly involved and, in the case of a jointly undertaken criminal activity, all reasonably foreseeable quantities of contraband that were in the scope of the criminal activity that he jointly undertook. It is reasonably and foreseeable that an additional package of cocaine was thrown from the vehicle that the defendant was driving. The Probation Department's position remains the same.

_____
Telisa D. Cureton
United States Probation Officer

## ADDENDUM

**NAME:  WIMBERLY, Shawn Eugene**
**DOCKET NO.:  93-CR-50028-FL-04**
**DATE:  JULY 24, 2003 (correction for filing on July 8, 2003)**


Controverted Item #___18_____

Page #___5____          Paragraph #_____          Line(s)_____


Section I:  <u>Defendant's Position</u>:

The Inkster Police Report, by Officer Jaworski indicated that one (1) kilo of Cocaine was thrown from the car.  The U.S. Assistant Attorney's report to the probation officer on page 2, indicates the same; one <u>not five</u> kilograms of cocaine was thrown out of the vehicle.

_____          _____
Counsel's Signature                      Defendant's Signature


Section II:  <u>Probation Department's Position</u>:

The government has provided additional information concerning the February 12, 1993, incident when the defendant threw one kilogram of cocaine from his vehicle.  During trial preparation, Assistant United States Attorney Jones learned from Officer Seven Jaworski that the defendant threw a package from the vehicle he was driving at an earlier point in the chase, than where a second package was recovered by Officer Gregory Hill of the Inkster Police Department.  As such, at least two packages were thrown from the defendant's vehicle on February 12, 1993.  The government was advised there was snow on the ground complicating the matter.  Pursuant to 1B1.3, Application Note 2, the defendant is accountable for all quantities of contraband with which he was directly involved and, in the case of a jointly undertaken criminal activity, all reasonably foreseeable quantities of contraband that were in the scope of the criminal activity that he jointly undertook.  It is reasonably and foreseeable that an additional package of cocaine was thrown from the vehicle that the defendant was driving.  The Probation Department's position remains the same.

Telisa D. Cureton
United States Probation Officer

## ADDENDUM

**NAME:  WIMBERLY, Shawn Eugene**
**DOCKET NO.:  93-CR-50028-FL-04**
**DATE:  JULY 24, 2003 (correction for filing on July 8, 2003)**

Controverted Item #___17_____

Page #___5____        Paragraph #____17_____        Line(s)_____

Section I:  Defendant's Position:

The defendant denies that he ever made any agreement with Olee Wonzo Robinson, nor that he ever developed sources for Olee Wonzo Robinson from which he acquired cocaine.

_____                    _____
Counsel's Signature                          Defendant's Signature

Section II:  Probation Department's Position:

It is the Probation Department's position that the government witness, Edward Osborne provided factual information in reference to the defendant agreeing to make drug contacts in Los Angeles and how profitable it was for the defendant to purchase kilograms of cocaine in California so that it could be sold in the Detroit area. On March 1-2, 1993, cooperating witness Edward Osborne while under surveillance, flew to LAX in Los Angeles, California, and met with the defendant at an apartment rented under the name of Olee Robinson's front company, Nightingale, Hart, Goldberg, and Associates. During discussions between Robinson and the defendant, there was hope expressed that WIMBERLY would provide as many as 10 kilograms of cocaine during a trip to Los Angeles on March 1-2, 1993. The defendant failed to produce 10 kilograms, but instead supplied one kilogram of cocaine to Osborne at the apartment. The bag carrying the additional cocaine was sent to Detroit and was seized by local law enforcement authorities at the Detroit Metro Airport. The Probation Department's position remains unchanged.

Telisa D. Cureton
United States Probation Officer

## ADDENDUM

**NAME:  WIMBERLY, Shawn Eugene**
**DOCKET NO.:  93-CR-50028-FL-04**
**DATE:  JULY 24, 2003 (correction for filing on July 8, 2003)**

Controverted Item #___31_____

Page #___7____          Paragraph #_____          Line(s)_____

Section I:  Defendant's Position:

The defendant denies that he held a management role, nor that he located and dealt with out-of-state supplies for the charged conspiracy involving Olee Wonzo Robinson; and accordingly, should not be given a three level increase.

_____          _____
Counsel's Signature                      Defendant's Signature

Section II: Probation Department's Position:

A simple denial without additional evidence is not sufficient enough for the Probation department to modify the Presentence report.

_____
Telisa D. Cureton
United States Probation Officer

## ADDENDUM

**NAME: WIMBERLY, Shawn Eugene**
**DOCKET NO.: 93-CR-50028-FL-04**
**DATE: JULY 24, 2003 (correction for filing on July 8, 2003)**

Controverted Item #___33___

Page #___7___          Paragraph #_____          Line(s)_____

Section I: <u>Defendant's Position</u>:

The defendant denies that the offense level adjustment should be at level <u>37</u>; but that the total offense level should be <u>31</u>.

Based on the total offense level of <u>31</u>, the guideline imprisonment is 108 - 135 months.

Pursuant to the Rule 11 Sentence Agreement, the government agrees as follows:

> "The government agrees that a sentence of no more than the mid-point of the sentencing guideline range that the court finds to be applicable is an appropriate disposition of the case.  However, defendant has been advised that he is facing a ten year statutory minimum."
> (Plea Agreement p. 6)

The defendant objects to the Presentence Report as set forth above and requests that changes be made reflecting the stated concerns.

_____          _____
Counsel's Signature                Defendant's Signature

Section II: <u>Probation Department's Position</u>:

This is not a factual objection, but a guideline computation objection; therefore, the Courts resolution of the other objection will determine the proper offense level.

_____
Telisa D. Cureton
United States Probation Officer